1
2

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

3    EDWIN GUANTE-VELÁZQUEZ,

4        Petitioner,

5        v.                                    Civil No. 08-1153 (JAF)

6    UNITED STATES OF AMERICA,                 (Crim. No. 05-356)

7        Respondent.

8

9                          **O R D E R**

10       Petitioner Edwin Guante-Velázquez requests a certificate of

11   appealability ("COA") from this court. Docket No. 20. On November 9,

12   2006, Petitioner pled guilty to conspiring to import and possess with

13   the intent to distribute five kilograms or more of cocaine in

14   violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), 963, and 18 U.S.C.

15   § 2. Crim. No. 05-356, Docket Nos. 103, 159.

16       On February 4, 2008, Petitioner petitioned for relief under 28

17   U.S.C. § 2255, Docket No. 1; Respondent United States of America

18   opposed on June 13, 2008, Docket No. 8. On August 7, 2008, we denied

19   Petitioner's petition for his failure to present arguments relating

20   to his claim for ineffective assistance of counsel. Docket No. 9.

21       On January 7, 2009, Petitioner moved for relief under Rule

22   60(b), arguing that he had indeed advanced arguments in support of

23   his earlier petition.[1] Docket No. 14. We denied his motion on

---

[1] Rule 60(b) provides relief from a final judgment, order or
proceeding for, inter alia, "mistake, inadvertence, surprise or excusable
neglect" within one year from the entry of the judgment. Fed. R. Civ.
P. 60(b)(1), (c)(1). However, relief under Rule 60(b) can only be invoked
in "special situations justifying extraordinary relief." Silk v. Sandoval,

Civil No. 08-1153 (JAF)                                              -2-

1    January 12, 2009. <u>Docket No. 15</u>. On April 7, 2009, Petitioner filed

2    the instant motion, seeking a COA to appeal our denial of his Rule

3    60(b) motion. <u>Docket No. 20</u>.   To appeal a final order of the district

4    court in § 2255 proceedings, a petitioner must first obtain a COA, 28

5    U.S.C. § 2253(c)(1)(B), which may issue from the district court,

6    <u>Grant-Chase v. Commissioner</u>, 145 F.3d 431, 435 (1st Cir. 1998). We

7    may grant a COA only upon "a substantial showing of the denial of a

8    constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must

9    demonstrate that reasonable jurists would find the district court's

10   assessment of the constitutional claims debatable or wrong." <u>Miller-</u>

11   <u>El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>,

12   529 U.S. 473, 484 (2000)). If granted, the COA "shall indicate which

13   specific issue or issues satisfy the showing required" to warrant

14   review by the court of appeals. 28 U.S.C. § 2253(c)(3).

15       In support of the instant challenge, Petitioner cites parts of

16   the record in the prior criminal case to suggest an inadequacy of

17   proof to sustain a conviction for a drug conspiracy in April 2005.

18   <u>Docket No. 20</u>; <u>see</u> <u>Docket Nos. 1, 14</u>. Petitioner insists that the

19   cited evidence could only support a conviction for accessory after

20   the fact, and that his guilty plea was invalid as his counsel failed

21   to fully apprise him of his options. <u>Docket No. 20</u>.

22       There are two fatal flaws in Petitioner's reasoning. Firstly,

23   Petitioner does not argue that, but for his counsel's error, he would

24   have insisted on going to trial instead of pleading guilty. <u>See</u> <u>Hill</u>

25   <u>v. Lockhart</u>, 474 U.S. 52, 59 (1985).

_____

435 F.2d 1266, 1268 (1st Cir. 1971).

Civil No. 08-1153 (JAF)                                                    -3-

1          Secondly, Petitioner's guilty plea forecloses his argument
2     founded upon an alleged insufficiency of proof. As a general rule,
3     guilty pleas pursuant to Rule 11 colloquies are presumptively knowing
4     and voluntary. United States v. Sánchez-Barreto, 93 F.3d 17, 23 (1st
5     Cir. 1996). Petitioner has presented no arguments to undermine this
6     presumption. See Docket Nos. 1, 14, 20. As Petitioner cannot show
7     that counsel's performance led to an uninformed or involuntary guilty
8     plea, there is no ineffective assistance of counsel. See Strickland
9     v. Washington, 466 U.S. 668, 686-96 (1984) (requiring showing of
10    counsel's deficiency and resulting prejudice to claimant).

11         Therefore, we find that no reasonable jurist could disagree with
12    our denial of extraordinary relief under Rule 60(b). See Miller-El,
13    537 U.S. at 338; see also Silk, 435 F.2d at 1268 (prescribing the
14    standard for Rule 60(b) relief). Accordingly, we hereby **DENY**
15    Petitioner's request for a certificate of appealability under 28
16    U.S.C. § 2253, Docket No. 20.

17         **IT IS SO ORDERED.**

18         San Juan, Puerto Rico, this 14th day of April, 2009.

19                                   S/José Antonio Fusté
20                                   JOSE ANTONIO FUSTE
21                                   Chief U.S. District Judge